**THERESA A. GOLDNER, COUNTY COUNSEL**
**COUNTY OF KERN, STATE OF CALIFORNIA**
By Marshall S. Fontes, Deputy (SBN 139567)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, California  93301
Telephone: 661-868-3800
Facsimile:  661-868-3805

**Attorney for Defendants,**
**County of Kern, Deputy Wesley Kraft,**
**Deputy Aaron Nadal and Donny Youngblood**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE TURNER, JR, as Successor in Interest to DAVID LEE TURNER, SR., deceased, ALFONSO TURNER, AHMAD TURNER, WHITTNEY TURNER, JALISA TURNER, TIFFANY TURNER, NACOLE TURNER, DESMOND TURNER,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, a municipal corporation; DEPUTY WESLEY KRAFT, an individual; DEPUTY AARON NADAL, an individual; DONNY YOUNGBLOOD, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:11-cv-01366-AWI-SKO<br><br>STIPULATION OF THE PARTIES FOR A PROTECTIVE ORDER REGARDING DISCOVERY OF PEACE OFFICER RECORDS FROM DEFENDANTS; ORDER THEREON |

**COME NOW**, the Parties herein, by and through their respective counsel of record:

Brian T. Dunn, Esq., The Cochran Firm, for Plaintiffs DAVID LEE TURNER JR., ALFONSO

TURNER, AHMAD TURNER, WHITTNEY TURNER, JALISA TURNER, TIFFANY

---

Stipulation of the Parties for a Protective Order Regarding Discovery of Peace Officer Records from Defendants; Order Thereon

1  TURNER, NACOLE TURNER and DESMOND TURNER (hereinafter collectively
2  "Plaintiffs"); and Marshall S. Fontes, Deputy, Office of Kern County Counsel, for
3  Defendants COUNTY OF KERN, DEPUTY WESLEY KRAFT, DEPUTY AARON NADAL
4  and DONNY YOUNGBLOOD (hereinafter collectively "County Defendants"). The Parties,
5  with the authority of their respective clients, agree as follows:

6      1.    The Parties have met and conferred regarding various issues regarding
7  discovery in this matter in an effort to informally resolve various issues.

8      2.    Plaintiffs have requested Defendant County of Kern produce records,
9  identified in its Initial Rule 26 Disclosure, which qualify as peace officer personnel records
10 under California Penal Code §§832.7 and 832.8.

11     3.    Counsel for County Defendants is informed and believes that a protective
12 order is needed in order to protect the peace officers' rights and records from inappropriate
13 use and/or disclosure, including but not limited to the personnel records of Defendants
14 Kraft, Nadal and Youngblood.

15     4.    In order to comply with Plaintiffs' discovery requests, and also to avoid
16 occupying the Court's time with numerous requests to view the documents in camera
17 pursuant to California Evidence Code §§1043 and 1045, the Parties are willing to agree
18 that the documents may be produced provided the attached Protective Order is issued by
19 the Court prior to production of the documents.

20     5.    The Parties each agree to be bound by the terms of the Protective Order and
21 counsel, by signing this stipulation, are representing to the Court that they have informed
22 or will inform their clients of the terms of the protective order prior to production of the
23 documents.

24     6.    The Parties agree that this stipulation may be signed in counterpart.

25     7.    The Parties respectfully request the Court's consideration of this request.

26 **THEREFORE, IT IS HEREBY STIPULATED**:

27     1.    All documents produced by the County of Kern in response to Plaintiffs'
28

Stipulation of the Parties for a Protective Order Regarding Discovery of Peace Officer Records from Defendants; Order Thereon

1  discovery requests which qualify as peace officer records under California Penal Code §§
2  832.7 and 832.8, (including but not limited to personnel records, internal affairs reports,
3  interviews, investigative reports, statements, employment evaluations, or other information
4  from an officer's personnel file, including but not limited to allegations of excessive force,
5  infliction of bodily injury, untruthfulness, assault and/or battery, physical altercations and/or
6  conduct unbecoming) shall be subject to the following orders:

    a) The records shall not be copied or disseminated outside of any attorney's office except for review by retained experts or a party to this action.

    b) The only persons who shall be authorized to view the records will be the involved attorneys, the attorneys' office staff, retained experts and/or parties to this action.

    c) The contents of the records shall not be discussed with, or disseminated to, (either verbally, in writing, or in any other form) any person that is not one of the involved attorneys, the attorneys' office staff, retained experts and/or parties to this action.

    d) The records shall not be provided to the news media directly or indirectly in any form or manner.

    e) The records shall be utilized only in connection with this litigation and for no other purpose whatsoever, at any time, ever.

    f) At the conclusion of this litigation, all produced peace officer records and any copies thereof, including exhibits to depositions, shall be returned to the offices of Kern County Counsel.

    2. All personal information incorporated in the personnel records, including but not limited to home addresses, phone numbers, birth dates and relatives names, may be redacted. If the redacted portion is subsequently determined by this Court or by stipulation to be relevant, the non-redacted relevant material will be produced but shall be subject to

a more restrictive protective order.

3. No counsel shall file with this Court, or any other court, any of the produced peace officer records subject to this protective order, either as an exhibit to a motion or otherwise, unless the subject court has previously issued an order sealing such record.

4. Any person, or persons, violating this order shall be subject to sanctions and costs of motion.

Dated: April 4, 2012　　　　　　　　**THE COCHRAN FIRM**

By  /s/ Brian T. Dunn
Brian T. Dunn, Esq.
Attorneys for Plaintiffs David Lee Turner Jr., Alfonso Turner, Ahmad Turner, Whittney Turner, Jalisa Turner, Tiffany Turner, Nacole Turner and Desmond Turner

Dated: April 5, 2012　　　　　　　　**THERESA A. GOLDNER, COUNTY COUNSEL**

By  /s/ Marshall S. Fontes
Marshall S. Fontes, Deputy
Attorneys for Defendants County of Kern, Deputy Wesley Kraft, Deputy Aaron Nadal and Donny Youngblood

## **ORDER**

The parties having stipulated thereto and good cause appearing therefor,

**IT IS SO ORDERED.**

IT IS SO ORDERED.

**Dated:   April 9, 2012**　　　　　　　　　/s/ Sheila K. Oberto
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Stipulation of the Parties for a Protective Order Regarding Discovery of Peace Officer Records from Defendants; Order Thereon