| | |
|---|---|
| 1 | **THERESA A. GOLDNER, COUNTY COUNSEL** |
| | **COUNTY OF KERN, STATE OF CALIFORNIA** |
| 2 | By Marshall S. Fontes, Deputy (SBN 139567) |
| | Kern County Administrative Center |
| 3 | 1115 Truxtun Avenue, Fourth Floor |
| | Bakersfield, California  93301 |
| 4 | Telephone: 661-868-3800 |
| | Facsimile:  661-868-3805 |

**Attorney for Defendants,**
**County of Kern, Deputy Wesley Kraft,**
**Deputy Aaron Nadal and Donny Youngblood**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE TURNER, JR, as Successor in Interest to DAVID LEE TURNER, SR., deceased, ALFONSO TURNER, AHMAD TURNER, WHITTNEY TURNER, JALISA TURNER, TIFFANY TURNER, NACOLE TURNER, DESMOND TURNER, <br><br>                    Plaintiffs, <br><br>       v. <br><br> COUNTY OF KERN, a municipal corporation; DEPUTY WESLEY KRAFT, an individual; DEPUTY AARON NADAL, an individual; DONNY YOUNGBLOOD, an individual, and DOES 1 through 10, inclusive, <br><br>                    Defendants. | **Case No. 1:11-cv-01366-AWI-SKO** <br><br> STIPULATION OF THE PARTIES FOR A PROTECTIVE ORDER REGARDING DISCOVERY OF PEACE OFFICER RECORDS FROM DEFENDANTS; ORDER <br><br> (Docket No. 32) |

**COME NOW**, the Parties herein, by and through their respective counsel of record: Brian T. Dunn, Esq., The Cochran Firm, for Plaintiffs DAVID LEE TURNER JR., ALFONSO TURNER, AHMAD TURNER, WHITTNEY TURNER, JALISA TURNER, TIFFANY

---

Stipulation of the Parties for a Protective Order Regarding Discovery of Peace Officer Records from Defendants; Order

TURNER, NACOLE TURNER and DESMOND TURNER (hereinafter collectively "Plaintiffs"); and Andrew C. Thomson and Marshall S. Fontes, Deputies, Office of Kern County Counsel, for Defendants COUNTY OF KERN, DEPUTY WESLEY KRAFT, DEPUTY AARON NADAL and DONNY YOUNGBLOOD (hereinafter collectively "County Defendants"). The Parties, with the authority of their respective clients, agree as follows:

1. The Parties have met and conferred regarding various issues regarding discovery in this matter in an effort to informally resolve various issues.

2. Plaintiffs have, through written discovery and oral deposition testimony, requested County Defendants to produce records and/or provide oral deposition testimony which qualifies as peace officer personnel records under California Penal Code §§832.7 and 832.8 with respect to Defendants Wesley Kraft, Aaron Nadal and Donny Youngblood.

3. Counsel for County Defendants are informed and believe that a protective order is needed in order to protect the peace officers' rights and records from inappropriate use and/or disclosure, including but not limited to the personnel records of Defendants Kraft, Nadal and Youngblood.

4. In order to comply with Plaintiffs' discovery demands, oral deposition testimony and any Court ordered disclosure, and to also avoid occupying the Court's time with numerous requests to view the documents in camera pursuant to California Evidence Code §§1043 and 1045, the Parties are willing to agree that select or ordered documents are produced pursuant to the attached Protective Order, provided that the Order is issued by the Court.

5. The Parties each agree to be bound by the terms of the Protective Order and, by executing this stipulation, counsel are representing to the Court that they have informed or will inform their clients of the terms of the protective order.

6. The Parties agree that this stipulation may be executed in counterpart.

7. The Parties respectfully request the Court's consideration of this request.

**THEREFORE, IT IS HEREBY STIPULATED:**

1. All documents produced by County Defendants in response to Plaintiffs' propounded

Stipulation of the Parties for a Protective Order Regarding Discovery of Peace Officer Records from Defendants; Order

discovery and any and all oral deposition testimony which qualify as peace officer records under California Penal Code §§ 832.7 and 832.8, (including but not limited to personnel records, internal affairs reports, training records interviews, investigative reports, statements, employment evaluations, or other information from an officer's personnel file, including but not limited to allegations of dishonesty/false reporting and/or excessive force) shall be subject to the following orders:

    a)    The records (all discovery responses and oral deposition testimony shall constitute a "record" for the purposes of this stipulation) shall not be copied or disseminated outside of Plaintiffs' attorney's office except for review by retained experts or a party to this action.

    b)    The only persons who shall be authorized to view the records will be the involved attorneys, the attorneys' office staff, retained experts and/or parties to this action.

    c)    The contents of the records shall not be discussed with, or disseminated to, (either verbally, in writing, or in any other form) any person that is not one of the involved attorneys, the attorneys' office staff, retained experts and/or parties to this action.

    d)    The records shall not be provided to the news media directly or indirectly in any form or manner.

    e)    The records shall be utilized only in connection with this litigation and for no other purpose whatsoever, at any time, ever.

    f)    At the conclusion of this litigation, all produced peace officer records and any copies thereof, including exhibits to depositions, shall be returned to the offices of Kern County Counsel.

2.    All personal information incorporated in the personnel records, including but not limited to home addresses, phone numbers, birth dates and department training and discipline, may be redacted by County Defendants prior to production. If the redacted portion is subsequently determined by this Court or by stipulation to be relevant, the non-redacted relevant material will be produced but shall be subject to a more restrictive

protective order.

3. No counsel shall file with this Court, or any other court, any of the produced peace officer records subject to this protective order, either as an exhibit to a motion or otherwise, unless the subject court has previously issued an order sealing such record.

4. Any person, or persons, violating this order shall be subject to sanctions and all attorney's fees and costs associated with any related motion.

Dated: November 29, 2012       **THE COCHRAN FIRM**

By /s/ Brian Dunn
Brian T. Dunn, Esq.
Attorneys for Plaintiffs David Lee Turner Jr., Alfonso Turner, Ahmad Turner, Whittney Turner, Jalisa Turner, Tiffany Turner, Nacole Turner and Desmond Turner

Dated: November 29, 2012       **THERESA A. GOLDNER, COUNTY COUNSEL**

By /s/ Andrew Thomson
Marshall S. Fontes, Deputy
Andrew C. Thomson, Deputy
Attorneys for Defendants County of Kern, Deputy Wesley Kraft, Deputy Aaron Nadal and Donny Youngblood

## ORDER

Pursuant to the stipulation of the parties, the above Protective Order is approved by the Court.

IT IS SO ORDERED.

**Dated:   December 3, 2012**            /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

Stipulation of the Parties for a Protective Order Regarding Discovery of Peace Officer Records from Defendants; Order

4